IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| STAR INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  14-1368-MLB |
| | ) | |
| TLC TRUCKING, LLC; | ) | |
| REYMUNDO ESTRADA GARCIA; | ) | |
| KENYA D. RUDZIK; and | ) | |
| CHANCE R. RUDZIK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the court are the following:

> Defendants' Motion to Dismiss or Stay (Docs. 6, 7); Star Insurance Company's Response (Doc. 9); Defendants' Reply (Doc. 12);

> Star Insurance Company's Motion to Consolidate Cases (Docs. 10, 11); Defendants' Response (Doc. 13).

Star Insurance filed this action seeking a declaratory judgment concerning its liability under an insurance policy. Doc. 1. A related action filed by defendants in Grant County District Court was previously removed by Star to this court, but has now been remanded to state court. See Rudzik, et al. v. Star Insurance Co., et al., No. 14-1421-MLB (D. Kan.). The facts relevant to the pending motions were set forth by the court in the remand order of April 28, 2015, in Case No. 14-1421 (Doc. 28), and will not be repeated here.

Defendants argue the court should stay or dismiss this federal action and should allow the pending state action to proceed. They urge the court to do so based on its discretion under the Declaratory

Judgment Act or based upon the abstention doctrine of <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976).

The Declaratory Judgment Act provides that in an actual case or controversy within its jurisdiction, and upon an appropriate pleading, a court of the United States "may declare the rights and other legal relations of any interested party seeking such declaration,..." 28 U.S.C. § 2201(a). As the word "may" suggests, the Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." <u>Wilton</u>, 515 U.S. at 288.

The Supreme Court has long recognized this discretionary aspect. In <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942), it upheld a district court's dismissal of a declaratory judgment action in the face of a parallel state action, noting: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." <u>Brillhart</u>, 316 U.S. at 495.

The Tenth Circuit provides the following factors to weigh in considering whether to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).

The court's consideration of these factors leads it to conclude that the federal declaratory judgment action should not proceed. (1) A decision in this action would not completely settle the controversy, because the action pending in state court includes additional claims and parties not joined in this action. These additional claims deal with state law issues on which the Kansas courts have not yet ruled. (2) A declaratory judgment would clarify the parties' relations, but it would add nothing beyond -- and in fact would do less -- than what a disposition of the parallel state case would do. The claims asserted by Star in this action are duplicated in their entirety in the parallel state action. (3) There has been a bit of procedural fencing going on here, with each side acting with a view toward obtaining its preferred forum. The court finds nothing improper in this fact and attaches no significant weight to it one way or the other. Whether Star "won a race to the courthouse," as defendants suggest, or whether defendants failed to file sooner in state court because they were

-3-

waiting for the underlying Grant County judgment to become final, as Star argues, is not really material. The two actions were filed within a matter of weeks of one another following related litigation in the state court that lasted for an extended period. (4) Given the extensive history of related litigation in the state court, the familiarity of the state judge with the past and present litigation, and the fact that both pending actions are based entirely on state law, the exercise of federal jurisdiction at this point would unnecessarily interfere with state jurisdiction. Cf. Wilton, 515 U.S. at 283 ("where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed."). (5) The state court appears to provide an adequate and appropriate arena for the dispute. Under all of the circumstances, the court concludes that the state court provides a better and more effective forum for complete resolution of this controversy.

When a district court declines to exercise jurisdiction under the Act, it has discretion to determine whether a stay or dismissal of the federal action is the appropriate remedy. See United States v. City of Las Cruces, 289 F.3d 1170, 1192 (10th Cir. 2002). A stay may be the preferred remedy where the possibility of a return to federal court remains, if there is a significant possibility of delay or other procedural inadequacy in the state proceedings, or if the application of a time bar could prevent a dismissed federal action from being refiled. City of Las Cruces, 289 F.3d at 1192. None of these circumstances is present. The briefs and the record suggest no reason

why the case would return to federal court or why the matter cannot be adequately and expeditiously handled in state court. Nor is any prejudice from dismissal of the federal action identified by Star or apparent from the record. The court concludes that the appropriate remedy in these circumstances is to dismiss the federal action without prejudice.

**Conclusion**.

Defendants' Motion to Dismiss or Stay (Doc. 6) is granted. The action (No. 14-1368) is hereby dismissed without prejudice.

Star's Motion to Consolidate (Doc. 10) is denied as moot.

IT IS SO ORDERED.

Dated this 28th day of April 2015, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE

-5-